

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
ATTORNEY GENERAL

DIVISION OF REGIONAL OFFICES
SUFFOLK REGIONAL OFFICE

August 12, 2010

Hon. Leonard Wexler
United States District Court,
Eastern District of New York
Long Island Federal Plaza
944 Federal Plaza
Central Islip, New York 11722-4451

    Re: Meier v. Stony Brook University
        Docket No.: 10-CV-2625 (LDW/WDW)

Dear Judge Wexler:

    By this letter, Stony Brook University (the "University") respectfully requests a conference regarding permission to submit a motion to dismiss in the above-captioned matter.

    This is an employment discrimination case brought under the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. ("ADEA"), wherein Sandra Meier ("Plaintiff") seeks money damages against an agency of the State of New York. Curiously, even though there are no allegations that Plaintiff was terminated, nor could there be, she also seeks reinstatement and back pay.

    In her Complaint, Plaintiff, a Keyboard Specialist who has been employed by the University since 1999, alleges that she was subjected to adverse employment actions, including: a transfer from one department to another; the revocation of a promotion; negative performance evaluations; verbal and writing counseling; reprimands regarding, among other things, her use of the telephone for personal calls during work hours; monitoring of her time and attendance; increased supervision; job assignments requiring her to stuff envelopes; and, replacement of her desk and printer with smaller ones.

    Plaintiff alleges that the above actions were taken because of her age and in retaliation for her having filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") in 2002. Even though Plaintiff complains of discrimination and retaliation dating back to 2004 (see, e.g., Complaint, ¶¶12-14), she waited until August 11, 2009, more than seven years after her earlier charge was filed and

Hon. Leonard Wexler    Page Two    August 12, 2010

approximately five years after the first of the alleged wrongful acts purportedly occurred, to file the EEOC charge that forms the basis for the instant action. After an investigation, the EEOC dismissed the August 11, 2009 charge because it was unable to conclude that there was a violation of the discrimination statutes.

It is respectfully submitted that Defendants have a meritorious basis for moving to dismiss based upon the following grounds:

### Eleventh Amendment Immunity

The Eleventh Amendment to the United States serves as a complete bar to this action. See Kimel v. Florida Board of Regents, 528 U.S. 62, 91 (2000).

### Failure to File Within the Statute of Limitations

The ADEA requires that charges of discrimination be filed with the EEOC no later than 180 days after the alleged discriminatory acts, or no later than 300 days if, as in New York, a State agency has authority to grant relief from unlawful practices. 29 U.S.C. §626(d)(1)(B); Kassner v. 2nd Avenue Deli, 496 F.3d 229, 237-38 (2d Cir. 2007). Since the EEOC charge in this case was filed on August 11, 2009, the 300 day period started on October 15, 2008.

Many of the discrete acts of discrimination and retaliation that Plaintiff complains about, however, occurred long before October 2008, and in some instances, years before. For example, Plaintiff complains that her promotion to a Secretary I position was revoked, and that she was transferred from one department to another, but both of these incidents are alleged to have occurred in 2004. See Complaint, ¶¶12-14. As another example, Plaintiff complains of a negative evaluation that she received years earlier, covering the period 2005-2006, and she complains of another negative evaluation for the period 2007-2008, but the latter was allegedly received outside of the 300 day filing period, i.e., on or about September 29, 2008. Id. at ¶¶17-18, and 24.

All of the alleged adverse actions that fall outside of the 300 day period are untimely and should be dismissed. Plaintiff's attempt to save those claims from extinguishment by relying on the continuing violations doctrine fails. The actions that are time-barred were discrete events to which the continuing violation doctrine does not apply. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002).

Hon. Leonard Wexler          Page Three          August 12, 2010

For the above reasons, it is requested that this Court grant the University's request for a pre-motion conference. Thank you.

Respectfully,

*Patricia Hingerton*

PATRICIA M. HINGERTON (PMH-6891)
Assistant Attorney General

cc: Scott Michael Mishkin, P.C.
Attorney for Plaintiff
One Suffolk Square, Suite 240
Islandia, New York 11749